IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kent S. Hunter, | ) | C/A NO. 3:06-1454-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF REMAND** |
| v. | ) | |
| | ) | |
| CSX Transportation, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion to remand this action to the Court of

Common Pleas for Lexington County, South Carolina and on Defendant's related motion to file a

sur-reply in opposition to the motion to remand. The motion to file a sur-reply is granted. Having

considered that sur-reply in addition to the other memoranda filed in support of and opposition to

the motion to remand, the court grants the motion to remand.

## STANDARD

As the party invoking the court's jurisdiction, Defendant bears the burden of establishing that

this case was properly removed. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151

(4th Cir. 1994); *Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The removal

statute is to be strictly construed and doubts resolved in favor of remanding the case to state court.

*See Mulcahey*, 29 F.3d at 151; *McGraw v. FD Servs., Inc.*, 811 F.Supp. 222, 223 (D.S.C. 1993).

## BACKGROUND

Plaintiff's motion to remand is based on the assertion that the notice of removal was untimely

because it was filed on the thirty-first day following service of the summons and complaint. This

argument, in turn, rests on the presumption that service was perfected on Defendant on April 10,

2006, when the Chief Clerk of Defendant's mail room facility, Michael L. Hartell (Hartell), signed for mail which was addressed to Defendant's Chief Executive Officer, Michael J. Ward.  The mail was sent by certified mail, restricted delivery, with return receipt requested.

Defendant argues that Hartell's acceptance of the registered mail did not constitute service and cannot, therefore, begin the running of the time for removal, because Hartell is not "an officer, managing agent or general agent of CSXT" and was "not authorized . . . to receive service of process on behalf of CSXT."  Affidavit of Michel L. Hartell ¶¶ 2 & 3.  Hartell concedes that he signed the return receipt, and does not deny that he was authorized to do so, although he maintains that he did "not have the authority to *open* mail addressed to Mr. Michael J. Ward."  *Id.* ¶¶ 2 & 5 (emphasis added).

Defendant maintains that service was perfected on April 11, 2006, one day after Hartell signed the return receipt, when the summons and complaint were received by Associate General Counsel Sarah E. Hall, Esquire ("Hall").  Affidavit of Sarah E. Hall ¶ 4.  Hall concedes that she is authorized to accept service on behalf of CSXT.  *Id.* ¶ 4. She asserts that she is "aware of no information or record evidencing that any other CSXT officer, managing or general agent authorized to accept service of process received the attached summons and complaint prior to April 11, 2006. *Id.* ¶ 5.

No evidence is offered as to what happened to the letter between the time it left the mail room, presumably unopened, on April 10, 2006, and when it arrived in Hall's hands on April 11, 2006.  It is also unclear when the envelope was opened, although the cover letter attached to the summons and complaint is stamped "Received April 11, 2006."[1]

---

[1]  The stamp does not indicate by whom (or by which department) the letter was received on the stamped date.  No copy of the envelope has been provided.  Thus, any evidence which might have been reflected on the envelope (*e.g.* receipt date or internal transmittal route) is unavailable.

## DISCUSSION

The thirty day removal period is triggered by service of the summons and complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). The service at issue was as authorized by Rule 4(d)(8) of the South Carolina Rules of Civil Procedure which provides that: "Service of a summons and complaint upon a defendant [including a corporation] . . . may be made . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt."

Rule 4(d)(8) further provides that any default entered based on service by certified mail "shall be set aside . . . *if the defendant demonstrates that the return receipt was signed by an unauthorized person*." *Id.* (emphasis added). The critical question before this court is, therefore, whether Hartell was an "unauthorized person" as that term is used in Rule 4(d)(8) of the South Carolina Rules of Civil Procedure. The burden of proving the absence of authority, quite logically, falls on Defendant.[2]

As the South Carolina Court of Appeals has noted, the requirement that the person who receives mail on behalf of the named individual be authorized to do so is critical to the effectiveness of service under Rule 4(d)(8):

> Service on a corporation may only be accomplished by service upon an authorized person; thus, a corporate defendant accepts service of process when a person authorized to accept service does so for the corporation. . . . [A]n individual ordinarily accepts service under the rule when he signs the return receipt. *If the rule permitted acceptance by anyone who happens to pick up the mail, the requirement that delivery of the suit papers by certified mail be restricted to the addressee would have no meaning.*

*Langley v. Graham,* 472 S.E.2d 259, n. 2 (S.C. Ct. App. 1996) (emphasis added).

---

[2] The only challenge to the adequacy of service relates to whether the registered letter was signed for by an "authorized" individual. Defendant does not otherwise challenge the propriety of the form of service.

3

This does not, however, mean that the person who signs for the mail must be authorized to *receive service*. As the court explained, an individual is "authorized" for purposes of this rule if he is "an agent of the addressee who has been specifically authorized in writing by the addressee to receive his mail." *Id*. at 261, n. 3 (footnote to statement that defendant could avoid the presumption of proper service under Rule 4(d)(8) by "showing either an unauthorized person [n 3] signed the receipt or service by mail was defective in that delivery was [not properly restricted]").[3]

According to his affidavit, Hartell is the Chief Clerk of the mail room. Hartell denies that he is authorized to receive service of process on behalf of CSXT or to open mail addressed to Ward. He does not, however, deny that he was authorized to *sign for* mail directed to Ward. Thus, the available evidence suggests that Hartell, as Chief Clerk of the mail room, was authorized to sign on behalf of Ward for receipt of restricted delivery certified mail.[4] At the least, Defendant has failed to present evidence from which the court might find otherwise. The court, therefore, finds that Defendant has failed to meet its burden of showing that the summons and complaint were received by an unauthorized individual as that term is intended by Rule 4(d)(8) of the South Carolina Rules of Civil Procedure.

---

[3] Defendant also relies on the case of *Moore v. Simpson*, 473 S.E.2d 64, 67 (S.C. Ct. App. 1996). In *Moore*, the court found hand delivery of an envelope containing a summons and complaint to a law firm's receptionist was not effective service on either the law firm or individually named attorney. This was because the receptionist was not authorized to receive process on behalf of either the firm or the attorney. The case is distinguishable from the present because the service at issue was not pursuant to S.C. R. Civ. P. 4(d)(8).

[4] The record contains no direct evidence that Hartell was authorized to receive certified mail for Ward. Nonetheless, Hartell's status as Chief Clerk of the mail room combined with his denial only of his authority to *open* Ward's mail, suggests that he was, in fact, authorized to sign for mail directed to Defendant's CEO (Ward). In any case, this is a matter as to which Defendant bears the burden of proof. Whatever proof is available would be in Defendant's control.

4

Even if this difficulty could be overcome, there is an absence of evidence as to what happened to the summons and complaint between their receipt in the mail room and their delivery to Hall.  It is reasonable to assume that the unopened envelope containing these items was first routed to someone who had authority to open Ward's mail and that it was then forwarded to the legal department where it landed in Hall's hands.  Hall's affidavit does not dispel this assumption, as she only states that she is not aware of any information which would evidence earlier receipt by "any other CSXT officer, managing or general agent authorized to accept service of process."  Thus, even if authority to open mail was required for service to become effective, the record would be insufficient to support the conclusion that the letter remained unopened until April 11, 2006.

## CONCLUSION

For the reasons set forth above, the court concludes that service was properly effected when Hartell signed for the letter. This determination compels the conclusion that the removal occurred one day too late.  The matter is, therefore, remanded to the Lexington County Court of Common Pleas.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　 s/ Cameron McGowan Currie
　　　　　　　　　　　　　　　　　　　　 CAMERON MCGOWAN CURRIE
　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 12, 2006


C:\temp\notesB0AA3C\06-1454 Hunter v CSX remand to state court.wpd

5